# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELENA PIDASHEFF and VICTOR PIDASHEFF**, <br><br> Plaintiffs, <br><br> v. <br><br> **QUALITY LOAN SERVICE CORPORATION WASHINGTON; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE LEHMAN XS TRUST MOTRGATGE PASS-THROUGH CERTIFICATES SERIES 2006-10N; OCWEN LOAN SERVICES, LLC; DOES I THROUGH V, SUNTRUST MORTGAGE, INC.**, <br><br> Defendants. | Case No. 3:18-cv-1986-SI <br><br> **OPINION AND ORDER** |

Elena Pidasheff and Victor Pidasheff, *pro se*.

Ann T. Marshall and Barbara L. Bollero, ANGLIN FLEWELLING RASMUSSEN CAMPELL & TRYTTEN LLP, 701 Pike St., Suite 1560, Seattle, WA 98101. Of Attorneys for Defendant SunTrust Bank as Successor in Interest to SunTrust Mortgage, Inc. Emilie K. Edling and Amber Labrecque, HOUSER & ALLISON, APC, 9600 SW Oak St., Suite 570, Portland OR, 97223. Of Attorneys for Defendants U.S. Bank, National Association and Ocwen Loan Servicing, LLC.

**Michael H. Simon, District Judge.**

Plaintiffs Elena and Victor Pidasheff bring this action seeking damages for wrongful foreclosure of their home. Defendants Suntrust Bank ("Suntrust"), U.S. Bank National Association as trustee for the Lehman XS Trust Mortgage Passthrough Certificates Series 2006-10N ("U.S. Bank"), and Ocwen Loan Servicing, LLC ("Ocwen") move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants U.S. Bank and Ocwen also seek dismissal of the action for insufficient service of process. For the reasons that follow these motions are GRANTED.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On January 25, 2006, Plaintiff Elena Pidasheff signed a note and deed of trust with Suntrust Mortgage, Inc., to purchase a home in Clackamas County, Oregon.[1] She then conveyed the property to Victor Pidasheff, her husband, and herself as tenants by the entirety. ECF 22 at 48. First American Title Insurance Company was the original trustee and Mortgage Electronic Registration Systems, Inc. was identified as the beneficiary. ECF 22 at 33-35. Elena Pidasheff agreed to make monthly instalments on the loan. Compl ¶ 27. Upon Plaintiffs' "information and belief," they determined that no rightful party could legally collect payments from Plaintiffs, and Plaintiffs "subsequently ceased making payments" on the loan. Compl. ¶ 32. In 2009, Plaintiff failed to make her monthly loan payments due fron November 2008 through February 2009 and defaulted on her loan. ECF 22 at 53. A foreclosure sale was schedule for July 2009, but the sale never happened. ECF 22 at 54, 58. Plaintiff failed to make twelve payments on her loan between March of 2009 and February of 2010. ECF 22 at 66. Another foreclosure sale was scheduled for June 15, 2010. ECF 22 at 67. This sale, too, never took place.[2]

Plaintiffs defaulted on the loan again in April of 2011, and Ocwen, who had assumed servicing of Plaintiffs' loan in February of 2013, filed a judicial foreclosure proceeding against Elena Pidasheff in Clackamas County Court on June 12, 2013. Elena Pidasheff, represented by counsel, filed counterclaims alleging that Ocwen had not demonstrated any legal interest in the note or deed of trust and therefore could not initiate a judicial foreclosure proceeding. Elena Pidasheff disputed whether Ocwen was the true loan servicer, and also alleged that Ocwen had

---

[1] Plaintiffs' Complaint asserts that the loan was signed in August of 2005. For purposes of this Opinion, the exact date is not material.

[2] It is unclear why the July 2009 sale or the June 2010 did not take place.

failed to follow the required legal procedures before initiating the foreclosure. She sought a declaratory judgment regarding the legal rights and obligations of all parties, and also brought counterclaims under the Unlawful Trade Practices Act, breach of contract and duty of good faith and fair dealing claims, and claims under the Real Estate Settlement Practices Act, 12 U.S.C. § 2605. On August 27, 2013, U.S. Bank filed an amended complaint in the Clackamas County Court action, substituting itself for Ocwen as the named plaintiff. ECF 22 at 157. On November 17, 2014, the parties entered into a stipulated order and general judgment of dismissal, in which U.S. Bank's claims were dismissed without prejudice and Elena Pidasheff's claims were dismissed with prejudice.

On June 7, 2018, Mortgage Electronic Registration Systems, Inc., as designated nominee for Suntrust Mortgage, Inc., assigned its interest in the mortgage to U.S. Bank. ECF 22 at 69. The instrument recording US Bank's interest in the mortgage was recorded in Clackamas County. ECF 22 at 71. U.S. Bank then appointed Quality Loan Service Corporation as successor trustee, replacing First American Title Insurance Company. ECF 72. On November 16, 2018, Quality Loan Service Corporation notified Plaintiffs that they were again in default and that a foreclosure sale was scheduled for April 1, 2019. The foreclosure sale has not yet taken place. Plaintiffs filed the pending action against U.S. Bank, Ocwen, Suntrust, and Quality Loan Service Corporation, seeking damages for wrongful foreclosure.

## DISCUSSION

U.S. Bank and Ocwen argue that Plaintiffs' service of process on them was insufficient and failed to meet the requirements of Rule 4 of the Federal Rules of Civil Procedure. The certificates of service for both parties are signed by Plaintiff Elena Pidasheff herself. Rule 4(c) requires that service may be made by "any person who is not a party." *See Mongeon v. City of Portland*, 2015 WL 5129561 at *4 (D. Or. July 2, 2015) (finding ineffective service of process

PAGE 5 – OPINION AND ORDER

where plaintiff signed the proof of service); *see also Constein v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010 ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."). It appears as though Plaintiffs attempted to cure the defect in service by submitting a declaration stating that "I, the undersigned, herein attest and declare that . . . I am NOT a party to the within entitled action." ECF 30 at 4. However, this declaration is signed by Elena Pidasheff, one of the named plaintiffs in this lawsuit.

Even *pro se* plaintiffs are subject to procedural requirements regarding proper service of process. Although Plaintiffs, by attempting to serve Defendants by certified mail, may have complied with Rule 4(i) regarding *how* service may be effectuated, they were still required to comply with Rule 4(c) regarding *who* may effect service. *See Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of the complaint and summons on a defendant. Often, plaintiffs hire a commercial process server to serve a copy of the complaint and summons. *See id.* Service of process in this case was effected by one of the plaintiffs in this lawsuit, and therefore it was insufficient. Defendants U.S. Bank and Ocwen's motion to dismiss is granted on that basis. Plaintiffs have 60 days from the date of this Opinion and Order properly to complete service and file a proof of service. Otherwise, their claims against U.S. Bank and Ocwen will be dismissed without prejudice.

Defendant Suntrust did not object to the service of process, but grounded its motion to dismiss squarely on the merits. Defendant argues, correctly, that Oregon law does not recognize a wrongful foreclosure tort claim. *See Elizabeth Retail Props. LLC v. KeyBank Nat'l Ass'n*, 83 F. Supp. 972, 991 (D. Or. 2015). Because there is no cause of action for wrongful foreclosure under Oregon law, Plaintiff's claim for wrongful foreclosure fails as a matter of law. *See Rapacki v.*

*Chase Home Finance LLC*, 797 F. Supp. 2d 1085, 1090 (D. Or. 2011) (noting that Oregon law recognizes a cause of action for breach of the covenant of good faith and fair dealing or for tortious bad faith, and under Oregon statutes governing non-judicial foreclosures, but does not recognize a freestanding tort of "wrongful foreclosure").

Furthermore, no foreclosure has actually taken place to cause Plaintiffs damages. Plaintiffs seek only money damages in this lawsuit; they do not seek any form of prospective relief, such as an injunction. Damages are "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury." *Damages*, BLACK'S LAW DICTIONARY (10th ed. 2014). BLACK'S LAW DICTIONARY also cites a definition of damages as "[a] sum of money adjudged to be paid by one person to another as compensation for a loss sustained by the latter in consequence of an injury committed by the former or the violation of some right." *Id.* (citing Martin L. Newell, A TREATISE ON THE LAW OF MALICIOUS PROSECUTION, FALSE IMPRISONMENT, AND THE ABUSE OF LEGAL PROCESS 491 (1892)).

A claim for damages is purely retrospective and is intended to compensate a plaintiff for a harm already suffered. *See Az. Students' Ass'n v. Az. Bd. Of Regents*, 824 F.3d 858, 865 (9th cir. 2016) (distinguishing between "damages and other retrospective relief" from "prospective injunctive and declaratory relief"). Plaintiffs have not, as of yet, been harmed by any wrongful foreclosure such that they would be entitled to damages. There remains a possibility that the foreclosure sale scheduled for April 1, 2019, will not take place (just like the two previously-scheduled foreclosure sales). Accordingly, the Court finds that any claim for damages against Suntrust is premature.[3]

---

[3] Because the Court finds that Plaintiffs' claims for relief are premature, it need not address Plaintiffs' claim for a "Common Law Lien" or the various blank bankruptcy court forms that Plaintiffs attached to their pleadings. Bankruptcy court forms are not relevant to a

## CONCLUSION

Defendants' Ocwen and U.S. Bank's Motion to Dismiss (ECF 23) is GRANTED. Plaintiffs have 60 days properly to effect service and file proof of service. Defendant Suntrust's Motion to Dismiss (ECF 21) is GRANTED, and Plaintiffs have leave to replead. Plaintiffs' claims against Quality Loan Service Corporation continue.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

proceeding, such as this, where the parties have not filed for bankruptcy. Furthermore, the Court notes that Plaintiffs have not provided any legal support for the validity of their "Common Law Lien."